# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| BONNIE BOGGS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:14-cv-1205 |
| RUTHERFORD COUNTY ADULT DETENTION CENTER and SHERIFF ROBERT ARNOLD, | ) Judge Campbell ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

Plaintiff Bonnie Boggs, a prisoner at the Tennessee Prison for Women in Nashville, Tennessee, brings this *pro se* civil rights action under 42 U.S.C. § 1983 alleging that she was sexually assaulted by a male inmate while being transported from a court hearing back to jail in a Rutherford County patrol car. The plaintiff's application to proceed *in forma pauperis* (ECF No. 2) is before the Court. In addition, the plaintiff's complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

### A. The Application to Proceed as a Pauper

Under the PLRA, 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee of $350 required by 28 U.S.C. § 1914(a). Because the plaintiff properly submitted an *in forma pauperis* affidavit and a certified trust fund account statement, as required by 28 U.S.C. § 1915(a)(2), and because it appears from her submissions that the plaintiff lacks sufficient financial resources from which to pay the full filing fee in advance, the application (ECF No. 2) is **GRANTED**.

However, under § 1915(b), the plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder in installments. Accordingly, the plaintiff is hereby assessed the full $350 filing fee, to be paid as follows:

(1) The custodian of the plaintiff's inmate trust fund account at the institution where she now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the

average monthly deposits to the plaintiff's account; or (b) the average monthly balance in the plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust fund officer must withdraw from the plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to the plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire $350 filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this court as required by this order, he or she must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this order and submit it to the Clerk along with the payment. All submissions to the court must clearly identify the plaintiff's name and the case number as indicated on the first page of this order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** send a copy of this order to the Warden of the Tennessee Prison for Women to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If the plaintiff is transferred from her present place of confinement, the custodian of her inmate trust fund account **MUST** ensure that a copy of this order follows the plaintiff to her new place of confinement for continued compliance with this order.

### B. Initial Review of the Complaint

Under the Prison Litigation Reform Act, the Court is required to dismiss any *in forma pauperis* or prisoner complaint brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A; *see also* 42 U.S.C. § 1997e(c). The Court must read the plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept the plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

The plaintiff names as defendants in this action the Rutherford County Adult Detention Center and "Sheriff Dept. Robert Arnold," which the Court construes to mean Sheriff Robert Arnold, the Sheriff's Department, or both. The plaintiff alleges that, while being transported from court back to jail on September

5, 2013, she was placed in the back of a patrol car with a male inmate named Buck. Neither she nor Buck was handcuffed. She states:

> As soon as we started in the process of moving [Buck] pulled his penis out and was asking me to touch him. He was a very large black man and I was very afraid. At one time the officer that was driving asked him what he was doing and he stated I'm just looking out the window. I looked out the window trying to ignore him and he grabbed my hand and put it on his penis. . . . I quickly jerked my hand away. He continued to masturbate and say bel[li]gerent things to me. Once back to the jail I was very upset and seen a nurse. She asked me what was wrong and convinced me to tell her. Once I did, a detective named Farley came in and took a second statement from me. I was sent to a guidance center in Murfreesboro where they know all about this. This caused many problems to flare up causing me P.T.S.D. Also inmate Buck confessed to this act to detective Farley when questioned about it.

(Complaint at 5.) The plaintiff seeks damages for trauma and mental suffering from the Sheriff's Department, and demands that the officer who was driving the patrol car be fired and that Buck be criminally charged for the incident.

The plaintiff's complaint is brought under 42 U.S.C. § 1983. To state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

In this case, the plaintiff alleges that she was the victim of sexual battery by Buck, but she has not identified in what way the unlawful sexual touching by Buck constituted a violation of her constitutional rights by any of the named defendants. In other words, she has not shown the deprivation of a right secured by the Constitution or laws of the United States. In fact, her allegations suggest that when Sheriff's Office officials were apprised of the situation, they took the plaintiff's allegations seriously and provided appropriate mental-health treatment.

Even if the plaintiff showed the deprivation of a constitutional right, neither the Rutherford County Adult Detention Center nor the Rutherford County Sheriff's Office is a "person" subject to suit under § 1983. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 & n. 55 (1978) (holding that, for purposes of a § 1983 action, a "person" includes individuals and "bodies politic and corporate"); *Petty v. Cnty. of Franklin, Ohio*, 478 F.3d 341, 347 (6th Cir. 2007) (affirming district court's conclusion that a county sheriff's department is not a legal entity under Ohio law that is susceptible to suit under § 1983); *Mathes v. Metro. Gov't of Nashville & Davidson Cnty.*, 2010 WL 3341889, at *2 (M.D. Tenn. Aug. 25, 2010) (noting that "federal district courts in Tennessee

have frequently and uniformly held that police departments and sheriff's departments are not proper parties to a § 1983 suit"). Instead, they appear to be divisions or agencies of Rutherford County. Even if the Court construes the complaint as brought against Rutherford County itself, a municipality may only be liable under § 1983 when its policy or custom causes the injury, regardless of the form of relief sought by the plaintiff. *Los Angeles Cnty. v. Humphries*, 562 U.S. ----, 131 S. Ct. 447, 453–54 (2010) (citing *Monell*, 436 U.S. at 694). To state a municipal-liability claim, the plaintiff must identify a policy or custom of the municipality, connect the policy to the governmental entity, and show that his injury was incurred because of the execution of that policy. *Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005). The plaintiff here does not allege that her injury resulted from the implementation of any policy or custom of the municipality, much less an unconstitutional one, or that Sheriff Robert Arnold was personally involved in the incident.

The Court therefore finds, for purposes of the initial review required by the PLRA, that the plaintiff's complaint fails to state a claim for which relief may be granted under 42 U.S.C. § 1983.

The complaint is therefore **DISMISSED** with prejudice. An appeal of this order would not be in good faith.

It is so **ORDERED**.

This is the final order in this action for purposes of Fed. R. Civ. P. 58.

_____
Todd Campbell
United States District Judge